UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.:

JOSHUA FAYLO,

Plaintiff,

v.

GARLICK ENVIRONMENTAL ASSOCIATES INC.,
ET. AL.

Defendants.

---

 (Formerly Case No. 24-000033CAAXMX in the Circuit Court of the Second Judicial Circuit in and for Franklin County, Florida)**

NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA:

PLEASE TAKE NOTICE that Defendants hereby remove the above-

captioned action from the Circuit Court of the Second Judicial Circuit in

and for Franklin County, Florida to the United States District Court for the

Northern District of Florida, Tallahassee Division, pursuant to 28 U.S.C. §§

1331, 1441, and 1446. In support of this Notice of Removal, Defendants

state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1. On April 29, 2024, Plaintiff Joshua Kale Faylo filed a Complaint for Employment Discrimination in the Circuit Court of the Second Judicial Circuit in and for Franklin County, Florida, Case No. 24-000033CAAXMX.

2. Plaintiff's Complaint alleges employment discrimination claims against Defendants Clayton B. Studstill, Garlick Environmental Associates Inc., and Scott Davis.

3. According to the Complaint, Plaintiff alleges discrimination based on disability or perceived disability under the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 (the "ADA").

4. Specifically, Plaintiff alleges "psychotic/schizophrenia" as the disability or perceived disability at issue.

5. Plaintiff alleges he experienced: termination of employment, failure to promote, failure to accommodate his disability, unequal terms and conditions of employment, retaliation, and "unfair treatment compared to other employees.

6. Plaintiff alleges the discriminatory acts occurred on August 1st

through August 10th, 2024, and that the Defendants "are still committing these acts" against him.

7. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 5th, 2023, and received a Notice of Right to Sue letter from the EEOC on January 30, 2024.

## GROUNDS FOR REMOVAL

8. This action is properly removable pursuant to 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction).

9. Plaintiff's Complaint explicitly asserts claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117, a federal statute. Plaintiff has checked the box specifically indicating that his action is brought for discrimination in employment pursuant to the ADA.

10. As Plaintiff's claims arise under federal law, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

COMPLIANCE WITH PROCEDURAL REQUIREMENTS

11.!  Although this Notice of Removal is being filed more than 30 days after receipt of the initial pleading, removal remains timely under Eleventh Circuit precedent. The Eleventh Circuit has established that the 30-day removal period in 28 U.S.C. § 1446(b) is procedural rather than jurisdictional and subject to equitable considerations. Lowery v. Alabama Power Co., 483 F.3d 1184, 1215-17 (11th Cir. 2007). Furthermore, the 30-day window is triggered only when the defendant can "intelligently ascertain removability" from the pleadings. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 757 (11th Cir. 2010). In this case, Plaintiff is proceeding pro se and improperly filed this action in state court despite asserting federal claims under the Americans with Disabilities Act. The unclear and improperly filed pro se complaint prevented Defendants from "intelligently ascertaining" the removability of this action within the standard timeframe. District courts within the Eleventh Circuit have recognized that equitable considerations might allow a defendant additional time to file a notice of removal., Here, Plaintiff's pro se

status and improper filing of federal claims in state court warrant

application of equitable principles to the removal period.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Florida, Tallahassee Division, embraces the place where the state court action is pending.

13. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff's counsel, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Franklin County, Florida.

14. A true and correct copy of all process, pleadings, and orders served upon Defendants in the state court action is attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendants respectfully request that the above-captioned action now pending in the Circuit Court of the Second Judicial Circuit in and for Franklin County, Florida be removed to the United States District Court for the Northern District of Florida, Tallahassee Division.

Respectfully submitted this 18TH day of March, 2025.

Respectfully submitted,

        DISCRIMINATION LAW, P.A.
Jay F. Romano, Esquire
Florida Bar No. 0934097
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
(561) 271-1769

By:   /s/Jay F. Romano
Jay F. Romano
Florida Bar No.: 0934097

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed by CM/ECF with the clerk of the Court for the Northern District of Florida, and filed in Second Judicial Circuit upon all Counsel of Record, and Defendants in that action, this 18th th day of July, 2024.

Respectfully submitted,
/S JAY ROMANO
Jay F. Romano, Esquire
Florida Bar No. 0934097
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
(561) 271-1769